# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 27 WAL 2025 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Published Opinion and** |
| v. | : | **Order** of the Superior Court at |
| | : | No. 402 WDA 2023, at 330 A.3d |
| | : | 422 (Pa. Super. 2025) entered on |
| BRANDI SNOWDEN, | : | January 10, 2025, **affirming** the |
| | : | Judgment of Sentence of the |
| Petitioner | : | Allegheny County Court of |
| | : | Common Pleas at No. CP-02-CR- |
| | : | 0005182-2022 entered on March |
| | : | 8, 2023 |

## ORDER

**PER CURIAM**

    **AND NOW**, this 18th day of March, 2026, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the following issues:

1) Did the Superior Court err and issue an opinion that conflicted with *Commonwealth v. Barr*, 266 A.3d 25 (Pa. 2021)[,] by finding probable cause when police approached [Petitioner] in a purported "high drug area" and she displayed no suspicious activity?

2) Was the [evidence] insufficient to establish a "high drug area" when the officer did not explain how he reached this conclusion or otherwise support his claim?

The Superior Court's order is **VACATED**, and this matter is **REMANDED** for consideration of *Commonwealth v. Lewis*, --- A.3d ---, 2025 WL 2724795 (Pa. 2025). Allocatur is **DENIED** as to all remaining issues.